UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED ENTERTAINMENT, INC., MATT FISHER, GOLFHOLICS, INC., AND NICOLE CHMURA each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SNAP INC.,<br><br>Defendant. | Case No. 2:26-cv-00754-AB-MBK<br><br>**[PROPOSED] ORDER DENYING DEFENDANT SNAP INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |

On April 13, 2026, Plaintiffs Ted Entertainment, Inc., Matt Fisher, Golfholics, Inc., and Nicole Chmura filed a consolidated complaint alleging violations of Section 1201(a) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201, against Defendant Snap Inc. ("Snap"). Doc. No. 36. On May 11, 2026, Snap moved to dismiss the complaint under Rule 12(b)(6). Doc. No. 42. Based on the parties' papers, oral argument, and caselaw, the Court orders that Snap's Motion is DENIED.

"To survive a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Tohono O'odham Nation v. United States Dep't of the Interior*, 138 F.4th 1189, 1199 (9th Cir. 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss under Rule 12(b)(6), a court must "accept the complaint's well-pleaded factual allegations as true,

1

and construe all inferences in the plaintiff's favor[.]" *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019) (citation omitted).

To state a Section 1201(a) claim, Plaintiffs must allege that YouTube's technological protection measures ("TPMs") are measures that "effectively control[] access" to copyrighted works and that Snap "circumvented" those measures. Here, Plaintiffs allege that YouTube employs five TPMs—the rolling-cipher, IP-based blocking and rate limiting, session-bound short-lived URLs, CAPTCHA, and proof-of-original tokens—that protect the audiovisual files underlying its streaming content, Compl. ¶¶ 35-46, and that Snap circumvented each of these TPMs to access and scrape millions of copyrighted works from the online video viewing platform, YouTube, in order to feed, train, improve, and commercialize Snap's large-scale generative text-to-video artificial intelligence models, collectively named "Snap AI Video." *Id.* ¶¶ 1, 45-49, 94-112.

These allegations are sufficient to state a Section 1201(a) claim. Contrary to Snap's assertion, Section 1201(a) is not limited to TPMs that prevent viewing the copyrighted works, nor does the fact that Plaintiffs' videos can be viewed on YouTube's platform mean that YouTube does not employ "access controls." Rather, the plain text of the statute applies to TPMs that "effectively control[] access." 17 U.S.C. § 1201(a)(1)(A). "Access" includes the "freedom or ability to obtain or make use of something." *See Access*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/access. That is what Plaintiffs allege: that YouTube employed TPMs controlling users' "freedom or ability to obtain" (*i.e.*, "access") the underlying audiovisual files, and that Snap circumvented those access controls to "obtain[] millions of videos from YouTube's platform." Compl. ¶¶ 37, 123.

*Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848 (9th Cir. 2017), is dispositive of Snap's motion. *VidAngel* addressed a purchaser of DVDs who violated Section 1201(a)(1) by decrypting the DVD's technological measures that prevented access to the DVD's underlying digital files to copy them. The Ninth Circuit held that

2

VidAngel's circumvention of the DVD's TPMs "to obtain a digital copy of the disc's movie" was "exactly like 'breaking into a locked room in order to obtain a copy of a [movie]," violating Section 1201(a). *Id.* at 865.

The facts here are materially similar. Indeed, since *VidAngel*, every district court to consider the issue has refused to hold that YouTube's TPMs fall outside the scope of Section 1201(a) protections as a matter of law. *See Sony Music Entertainment v. Uncharted Labs Inc., d/b/a Udio.com*, 2026 WL 1019199, at *3 (S.D.N.Y. Apr. 15, 2026); *Justice v. Uncharted Labs, Inc. d/b/a Udio.com*, 2026 WL 1430232 (S.D.N.Y. May 21, 2026); *Cordova v. Huneault*, 817 F. Supp. 3d 819 (N.D. Cal. 2026); *Edland v. Basin Elec. Power Coop.*, 2021 WL 3080225 (D.S.D. July 21, 2021); *Yout, LLC v. Recording Indus. Ass'n of Am., Inc.*, 633 F. Supp. 3d 650 (D. Conn. 2022) (dismissing plaintiff's motion for a declaratory judgment that it had not violated Section 1201(a), because plaintiff "ha[d] not plausibly pled that YouTube lacks a [TPM]" or that the TPM "is not effective").

Plaintiffs have adequately alleged that the five TPMs are "access controls," because the TPMs control how YouTube videos are viewed by restricting access to the underlying audiovisual files, thereby preventing downloads and requiring users to stream Plaintiffs' works only from YouTube's platform. To the extent Snap makes factual assertions about how the TPMs function, those assertions go beyond the pleadings in the complaint and should be explored in discovery and addressed on summary judgment or trial, not resolved as a matter of law. *See Uncharted Labs*, 2026 WL 1019199, at *3.

The Court also disagrees that Plaintiffs' complaint should be dismissed for failure to identify the date YouTube "implemented" the TPMs at issue or to allege that those TPMs were "in place" at the time Snap circumvented them. Plaintiffs have alleged that YouTube had at least five TPMs, and that Snap, in fact, circumvented all of them. Compl. ¶¶ 1, 45-49, 94-112. That is more than sufficient to plausibly allege that the TPMs were in existence at the time of circumvention.

3

Accepting the facts in the complaint and drawing all reasonable inferences in Plaintiffs' favor, the Court holds that the consolidated complaint plausibly alleges that YouTube employs technological measures that control access to its content, and that Snap circumvented them in violation of Section 1201(a). Snap's motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: _____

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE