Rom Bar-Nissim (SBN 293356)
Rom@HeahBarNissim.com
HEAH BAR-NISSIM LLP
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 432-2836

Jarrett Lee Ellzey (*pro hac vice*)
Tom Kherkher (*pro hac vice*)
ELLZEY KHERKHER SANFORD MONTGOMERY LLP
4200 Montrose Street, Suite 200
Houston, TX 77006
JEllzey@EKSM.com
TKherkher@EKSM.com

*Attorneys for Plaintiffs and the Proposed Class*
(Additional counsel continued on next page)

Daralyn J. Durie (SBN 169825)
Joseph C. Gratz (SBN 240676)
Daniel R. Mello Jr. (SBN 325714)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
DDurie@mofo.com
JGratz@mofo.com
DMello@mofo.com

Carolyn M. Homer (SBN 286441)
Kathryn C. Thornton (*pro hac vice*)
MORRISON & FOERSTER LLP
2100 L Street NW, Suite 900
Washington, D.C. 20037
Telephone: (202) 887-1500
CMHomer@mofo.com
KThornton@mofo.com

*Attorneys for Defendant Snap Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

TED ENTERTAINMENT, INC., et al.

Plaintiffs,

v.

SNAP INC.,

Defendant.

Case No. 2:26-cv-00754-AB-MBK

**JOINT RULE 26(F) REPORT**

Action Filed: January 23, 2026
Conference Date: November 6, 2026
Time: 10:00 AM
Courtroom: 7B

Max L. Tribble, Jr. (SBN 326851)
Justin A. Nelson (*pro hac vice*)
SUSMAN GODFREY L.L.P
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
MTribble@susmangodfrey.com
JNelson@susmangodfrey.com

Rohit D. Nath (SBN 316062)
Michael Gervais (SBN 330731)
SUSMAN GODFREY L.L.P
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-2906
Telephone: (310) 789-3100
RNath@susmangodfrey.com
MGervais@susmangodfrey.com

Morgan McCollum (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West, Fl. 50
New York, NY 10025
Telephone: (212) 336-8330
MMcCollum@susmangodfrey.com

William J. Edelman (SBN 285177)
MILBERG, PLLC
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Telephone: (771) 474-1121
wedelman@milberg.com

Benjamin J. Fox (SBN 193374)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
BFox@mofo.com

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's Order Setting Scheduling Conference in Civil Cases, a conference was held on September 17, 2026, between counsel for Plaintiffs Ted Entertainment, Inc. ("TEI"), Matt Fisher, Nicole Chmura, and the proposed class (together, "Plaintiffs") and counsel for Defendant Snap Inc. ("Snap" or "Defendant"). Consistent with Rule 26(f)(2) and this Court's Order Setting Scheduling Conference in Civil Cases, the parties hereby submit this Rule 26(f) Report in advance of the Case Management Conference scheduled for November 6, 2026.

**Exhibit A** is a copy of the Court's Scheduling Worksheet with the Parties' joint proposed schedule for dates identified in the worksheet. **Exhibit B** is a joint stipulation regarding dates not identified in the worksheet. **Exhibit C** is a proposed order for the joint stipulation. The parties do not dispute the schedule.

## A. STATEMENT OF THE CASE

**Plaintiffs' Statement:**

Plaintiffs allege that Snap violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)(A), when it unlawfully circumvented YouTube's technological protection measures (TPMs) to access and scrape hundreds of millions of audiovisual files from YouTube, including Plaintiffs' works. Congress enacted Section 1201 of the DMCA to foster a "thriving electronic marketplace for copyrighted works on the Internet." H.R. Rep. No. 105-551(I), at 9. Recognizing that creators would "hesitate to make their works readily available on the Internet" without adequate protection against piracy, S. Rep. No. 105-190, at 8, Congress passed Section 1201 to back—"with legal sanctions"—"copyright owners' use of digital walls to protect their copyrighted works from piracy." *Green v. United States Dep't of Just.*, 111 F.4th 81, 89 (D.C. Cir. 2024). Plaintiffs are exactly the kind of copyright owners Section 1201 was designed to protect: independent content creators who built businesses producing original video content for YouTube—amassing millions of subscribers and views, and earning revenue through

advertising, sponsorships, and licensing—all while relying on YouTube's suite of TPMs and Terms of Service to safeguard their works from unauthorized access. Dkt. 36 (Consolidated Complaint) ("Compl") ¶¶ 7, 17-25.

YouTube permits users to view audiovisual works through its authorized streaming architecture, but it does not provide unrestricted access to the underlying audiovisual files. YouTube deploys TPMs—including a rolling cipher, IP blocking, session-bound URLs, CAPTCHA challenges, and proof-of-origin tokens—that prevent the public from reaching raw video files on its servers. Compl. ¶¶ 45-46, 50-65. But Snap systematically circumvented those TPMs using descrambling tools like yt-dlp, combined with cycling through numerous virtual machines and a rolling pool of IPs, to obtain millions of the underlying video files that it used to build and train its AI models ("Snap AI"). Compl. ¶¶ 1-3, 99-112.

If companies like Snap can circumvent technological protections with impunity, creators like Plaintiffs will hesitate to make their works available online. That is precisely the outcome Congress enacted Section 1201 to prevent. Plaintiffs have been injured by Defendant's conduct.

**Defendant's Statement:**

In February 2024, researchers at Snap published an influential paper on how to caption and use large-scale video-text datasets in artificial intelligence projects. *See* Tsai-Shien Chen, et. al., *Panda-70M: Captioning 70M Videos with Multiple Cross-Modality Teachers*, available at https://arxiv.org/abs/2402.19479. The dataset for that research paper was sourced from YouTube. Some of Plaintiffs' videos were included in the dataset; Plaintiffs had chosen to post their works on YouTube so that anyone with a web browser could watch the videos.

Plaintiffs do not allege that Snap was ever barred from accessing or viewing their videos. They do not identify any password, authentication code, license key, or encryption that stands between any member of the public and their videos. Despite

YouTube not restricting access to these videos, Plaintiffs assert a claim under 17 U.S.C. § 1201(a), the provision of the DMCA which penalizes the circumvention of access controls on copyrighted works. Even if YouTube implemented one or more technological protection measures at the time of Snap's acquisition of the videos, and even if they qualify as access controls under the statute, Snap did not circumvent such measures, as defined by statute and the U.S. Copyright Office.

Snap did acquire copies of YouTube videos in the course of its research. But Plaintiffs do *not* assert any claims that sound in copying or circumventing copy-controls. Plaintiffs omit such claims for two reasons. First, they have chosen not to register the copyrights to many of their videos – a prerequisite for filing copyright infringement claims. And second, they want to sidestep any fair use inquiry into Snap's research. Instead, Plaintiffs attempt to pursue massive statutory damages on a novel theory, far outside the purpose and scope of § 1201(a). Discovery will reveal that this case should be dismissed at summary judgment.

## B. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action alleges violations of 17 U.S.C. § 1201 et seq (the "DMCA").

## C. LEGAL ISSUES

The key legal issues in this matter include, but are not limited to, the following:

(1) Whether Snap committed violations of the Digital Millennium Copyright Act, 17 U.S.C. §1201(a);

(2) Whether aspects of the operation of YouTube's service, including its rolling cipher, IP blocking, session-bound URLs, CAPTCHA challenges, and proof-of-origin tokens, constitute measures that "effectively control access" to copyrighted works within the meaning of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a);

(3) Whether Snap circumvented any technological protection measures that

effectively control access to Plaintiffs' and the putative class's copyrighted works in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a);

(4) Whether Plaintiffs may certify a class under Rule 23 of the Federal Rules of Civil Procedure;

(5) Whether any defenses or affirmative defenses apply to Snap's conduct; and

(6) The number of violations of 17 U.S.C. § 1201(a)(1)(A) for purposes of calculating statutory damages under 17 U.S.C. § 1203(c)(3)(A).

## D. PARTIES AND EVIDENCE

***List of Parties.*** The parties are Ted Entertainment, Inc., Matt Fisher, Nicole Chmura, and the proposed class ("Plaintiffs"); and Snap Inc. (Defendant).

Ted Entertainment, Inc. does not have any subsidiaries, parents, or affiliates.

Snap does not have any parent company; its major subsidiaries are: Snap LLC (Nevada); Snap Group Limited (United Kingdom); Snap International I Limited (United Kingdom); Snap International II Limited (United Kingdom); Snap Intermediate Inc. (Delaware); Snap Group SAS (France); Snap Aus Pty Ltd (Australia); Snap ULC (Canada); Snap Camera GmbH (Germany); Oleander LLC (Delaware); Wave Optics Limited (United Kingdom).

***Potential Witnesses.*** The Parties anticipate their witnesses may include:

(1) the named Plaintiffs;

(2) a corporate representative of TEI;

(3) current or former Snap employees or other personnel involved in the Panda-70M research project, including the creation of the Panda-70M dataset;

(4) current or former Snap employees or other personnel involved in the accessing and downloading of audiovisual files from YouTube;

(5) a corporate representative from Snap;

(6) a corporate representative from YouTube who can speak to the technological

operations and implementation timeline of the alleged TPMs;

(7) party experts; and

(8) other entities or individuals not known to the Parties at this time who may possess relevant information.

Plaintiffs' Additional Statement Regarding Potential Witnesses & Defendant's Response. Plaintiffs anticipate witnesses may also include current or former Snap employees or other personnel involved in developing, training, and commercializing Snap AI Video. Snap contends model training and product development is outside the scope of this case, which relates solely to the manner in which Snap accessed Plaintiffs' content on YouTube.

Defendant's Additional Statement Regarding Potential Witnesses and Plaintiffs' Response. Defendant anticipates witnesses may also include current or former TEI employees or personnel involved in creating and uploading audiovisual content to YouTube, including the incorporation of others' audiovisual content into TEI's videos. Plaintiffs contend any witnesses beyond a TEI corporate representative and/or the co-owners of TEI, Ethan and Hila Klein, are unnecessary and beyond the scope of this case.

***Key Evidence.*** At this time, the Parties have exchanged first sets of written discovery requests but have not yet received discovery responses or productions and thus are not in a position to identify with specificity the key relevant documents. The Parties anticipate that documentary evidence may include:

(1) Plaintiffs' creation and ownership of audiovisual material posted to YouTube;

(2) Plaintiffs' use of the YouTube platform;

(3) documents or other evidence concerning the scripts, programs, or other tools used by Snap to access and download video files from YouTube using the datasets at issue;

(4) indices or copies of the datasets Snap accessed and downloaded from YouTube;

(5) the metadata associated with the video files referenced in the datasets at issue,

(6) documents sufficient to show the tools and techniques used to download the datasets at issue;

(7) documents received through any subpoena to YouTube regarding its Technological Protection Measures;

(8) the technical operations of the alleged TPMs during the relevant time period;

(9) facts related to Snap's defenses or affirmative defenses;

(10) documents bearing on Plaintiffs' claimed harm or damages, including Plaintiffs' views of, revenues from, or licensing history for the videos at issue.

The Parties' investigations in this matter are ongoing, and the Parties reserve their rights to request or product discovery and to present additional evidence and testimony beyond the particular categories identified above.

<u>Plaintiffs' Additional Statement Regarding Potential Evidence & Defendant's Response</u>. Plaintiffs anticipate evidence may also include documents regarding Snap's general awareness of, and policies about, using copyrighted materials in training data, Snap's licensing deals and negotiations for training data, and Snap's training data used to develop and train the Snap AI model. Snap contends that this is *not* a copyright infringement case, and thus documents bearing on copyright policies generally, Snap's training data, and Snap's licensing practices for training data sets is outside the scope of this anti-circumvention case. Discovery into model-training processes and product development is not relevant or proportional to the needs of this action. The scope of this case is properly limited to Snap's access to Plaintiffs' content on YouTube.

<u>Defendant's Additional Statement Regarding Potential Evidence & Plaintiffs' Response.</u> Defendant anticipates that evidence may also include documents regarding Plaintiffs' own access to, downloading of, and use of third-party audiovisual material from YouTube. Plaintiffs contend that whether any Plaintiff has downloaded or otherwise obtained audiovisual material from YouTube is irrelevant to any claim or defense.

**E. DAMAGES**

**Plaintiffs' Statement:** As set forth in the Consolidated Complaint (Dkt. 36), Plaintiffs seek a declaration that Snap has willfully circumvented the copyright protection systems of YouTube intended to protect Plaintiffs' and Class Members' audiovisual content; statutory damages up to the maximum allowed by law per violation, or in the alternative, actual damages under 17 U.S.C. § 1203(c)(2); injunctive relief, and attorneys' fees and costs under 17 U.S.C. §1203; equitable relief as is necessary to prevent or restrain infringement of Plaintiffs' and Class Members' copyright-protected content, including a preliminary and permanent injunction; an award of pre-judgment and post-judgment interest on any monetary award; and such other and further relief as the Court may deem just and proper.

Additional categories of damages may be identified as this litigation proceeds. Because any computation of damages and other relief in this Action depends on documents and evidence to be produced by Defendants (including the degree of willfulness) and third-party data, as well as expert analysis, it is difficult to provide a precise range of provable damages at this stage. But Plaintiffs believe that there are likely to be numerous class members, as indicated by the hundreds of millions of videos in the respective datasets. Plaintiffs believe that they will be able to identify those class members at the appropriate time. The range of damages will depend on, *inter alia*, the size of the putative class and the number of violations of law providing for per-incident statutory damages.

**Defendant's Statement:** Snap does not believe Plaintiffs have suffered any harm as a result of any conduct by Snap and therefore are not entitled to any monetary, declaratory, injunctive, or other relief. Snap may seek to recover reasonable attorneys' fees and costs to the extent permitted by law.

**F. INSURANCE**

Neither party has any insurance policy that would be of relevance in this Action.

**G. MOTIONS**

The parties anticipate that they may file or brief the following motions:

(1) ***Motions to Amend.*** The Parties do not currently anticipate further amendments to the pleadings but reserve their rights to do so consistent with the Federal Rules of Civil Procedure and the Civil Local Rules of this Court.

(2) ***Discovery Motions.*** The Parties hope to resolve discovery disputes without judicial intervention, but anticipate that discovery motions may be necessary.

(3) ***Motion for Class Certification.*** Plaintiffs anticipate moving for class certification. Defendant anticipates it will oppose Plaintiffs' motion for class certification.

**H. DISPOSITIVE MOTIONS**

The Parties have not yet determined what issues or claims they will request to be determined by summary judgment. The Parties expect to be in a better position to identify such issues or claims following discovery.

At this early stage, Snap believes it is likely that the question of its liability under 17 U.S.C. § 1201(a) will be amenable to resolution on summary judgment.

**I. MANUAL FOR COMPLEX LITIGATION**

The Parties do not currently anticipate using procedures from the Manual for Complex Litigation.

**J. STATUS OF DISCOVERY**

Plaintiffs served their first set of Requests for Production on September 17, 2026 and their first set of Interrogatories on October 14, 2026. Snap served its first set of Requests for Production and Interrogatories on September 25, 2026.

**K. DISCOVERY PLAN**

***Initial Disclosures.*** The Parties exchanged initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on October 15, 2026.

***Subjects on Which Discovery May Be Needed.*** The Parties intend to seek

discovery relating to the allegations set forth in the Consolidated Complaint, including the subject matters identified under "Key Evidence" in paragraph D above.

***Written Discovery.*** The Parties have already served and intend to serve further requests for written discovery and documents, including to cover the subject matters identified under "Key Evidence" in section D above. Both parties intend to seek third-party discovery from YouTube regarding its Technological Protection Measures and its Partner Program. Both parties reserve all rights to pursue additional written discovery and documents as their investigations continue.

***Depositions.*** The Parties intend to take depositions, including of the "Potential Witnesses" identified in section D above. The Parties reserve their rights to depose additional witnesses as discovery proceeds.

***Discovery of Electronically Stored Information.*** The Parties have discussed the preservation of discoverable information and do not anticipate any issues or difficulties regarding the preservation and/or production of discoverable information, including electronically stored information ("ESI"). The Parties anticipate meeting and conferring to enter into an ESI Protocol, a protective order, and to discuss the scope and logistics of document production. To the extent any issues arise relating to preservation, discovery, or ESI, the Parties will meet and confer to resolve those issues.

***Privilege.*** The Parties discussed issues relating to claims of privilege or protection and are currently negotiating a stipulation of a Protective Order, which will address issues regarding the timing and method for complying with Rule 26(b)(5)(A) and the inadvertent production of privileged or otherwise protected materials. The parties intend to file it once final agreements are reached.

***Changes to Limitations on Discovery under Federal or Local Rules.*** The Parties have not identified any changes or limitations.

***Other Orders under Rule 26(c) or under Rule 16(b) and (c).*** Plaintiffs intend to move for class certification. **Exhibit B** is a joint stipulation and Exhibit **C** is a proposed

order setting forth separate deadlines for that motion. The parties have agreed that Defendant will brief, and the Court will hear, its motion for summary judgment before Plaintiffs move for class certification. This agreement is subject to Defendant's express waiver of the one-way intervention rule, as set forth in the joint stipulation attached at Exhibit B.

**L. DISCOVERY CUT-OFF**

As included in **Schedule A**, the Parties agree that proposed fact discovery will be completed by November 19, 2027.

**M. EXPERT DISCOVERY**

As included in **Schedule A**, the Parties propose the following expert schedule:

01/19/2028—Initial Expert Disclosure

03/01/2028—Rebuttal Expert Disclosure

04/12/2028—Expert Discovery Cut-off Date.

**N. SETTLEMENT EFFORTS TO DATE AND ALTERNATIVE DISPUTE RESOLUTION**

There have been no settlement discussions to date. The parties do not believe settlement discussions would be productive at this time.

This case is best suited for private mediation. As included in **Schedule A**, the parties propose that a mediation should occur by November 17, 2028.

**O. TRIAL ESTIMATE**

Plaintiffs have demanded a trial by jury. If the case proceeds to trial, the parties estimate that trial will take approximately 5 to 7 days, to account for expert testimony, and approximately 2-4 fact witnesses per side.

**P. TRIAL COUNSEL**

Trial counsel for Plaintiffs are Rohit Nath (SBN 316062), Justin Nelson (*pro hac vice*), Max Tribble (SBN 326851), Michael Gervais (SBN 330731), Morgan McCollum (*pro hac vice*) (from Susman Godfrey L.L.P.), William J. Edelman (SBN 285177) (from

Milberg, PLLC), Jarrett Lee Ellzey (*pro hac vice*) and Thomas Kherkher (*pro hac vice*) (from Ellzey Kherkher Sanford Montgomery LLP), and Rom Bar-Nissim (SBN 293356) (from Heah Bar-Nissim LLP).

Trial counsel for Defendant are Daralyn J. Durie (SBN 169825), Joseph C. Gratz (SBN 240676), Benjamin J. Fox (SBN 193374), Carolyn M. Homer (SBN 286441), Daniel R. Mello Jr. (SBN 325714), and Kathryn C. Thornton (*pro hac vice*) (from Morrison & Foerster LLP).

**Q. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe that this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R. SCHEDULE WORKSHEET**

The Parties' Schedule of Pretrial and Trial Dates Worksheet is attached as **Exhibit A**. Attached as **Exhibit B** is a joint stipulation and **Exhibit C** is a proposed order setting forth additional deadlines not covered by the Schedule of Pretrial and Trial Dates Worksheet.

**S. OTHER ISSUES**

***Service by E-Mail.*** All papers will be served on the opposing party by e-mail. For purposes of calculating the deadline to respond, email service will be treated the same as hand-delivery.

Respectfully submitted,

DATED: October 23, 2026

**SUSMAN GODFREY LLP**

*/s/ Rohit D. Nath*
Rohit D. Nath
Attorneys for Plaintiffs Ted Entertainment et al.

**MORRISON & FOERSTER LLP**

*/s/ Carolyn M. Homer*
Carolyn M. Homer
Attorneys for Snap Inc.

## C.D. Cal. Local Rule 5-4.3.4(a)(2)(i) Attestation

Pursuant to Civil Local Rule 5-1(i)(3), I, the filer of this document, attest that all signatories have concurred in the filing of this document.

Dated: October 23, 2026

**SUSMAN GODFREY, LLP**

By: *__/s/ Rohit D. Nath____________*